**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0839-22

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

RAUL ZARCO, a/k/a RAUL
RIVERA, ERICK ZARCO,
ERIC ZARCO, and POMPO,

    Defendant-Respondent.

_____

Submitted October 22, 2024 – Decided February 19, 2025.
Remanded by the Supreme Court March 24, 2026.
Resubmitted May 5, 2026 – Decided May 14, 2026

Before Judges Susswein, Perez Friscia and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 15-09-1092.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Stephen W. Kirsch, Designated Counsel, on the briefs).

Linda Estremera, Middlesex County Prosecutor, attorney for respondent (David M. Liston, Assistant Prosecutor, of counsel and on the briefs).

PER CURIAM

This case returns to us by order of the Supreme Court directing us to reconsider our opinion, State v. Zarco, No. A-0839-22 (App. Div. Feb. 19, 2025), in light of its recent decision in State v. Carlton, 262 N.J. 629 (2026). In our prior opinion, we affirmed defendant's trial convictions but remanded the case to the trial court for two reasons pertaining to sentencing: (1) for the court to amplify the reasons for imposing consecutive sentences and, specifically, to make an express finding with regard to the overall fairness of the aggregate sentence as required by State v. Torres, 246 N.J. 246 (2021); and (2) for the trial court to address the violation the constitutional rule established in Erlinger v. United States, 602 U.S. 821, 835 (2024), with respect to the court's determination that defendant was eligible for an extended term as a persistent offender. We now modify our remand order.

In Erlinger, the United States Supreme Court held that a defendant is entitled under the Fifth and Sixth Amendments to have a jury unanimously determine, beyond a reasonable doubt, whether the defendant's past offenses were "committed on occasions different from one another" under the federal

2

Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). 602 U.S. at 835. The Erlinger majority, applying principles first announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), reiterated "there is no doubt what the Constitution requires in these circumstances: Virtually 'any fact' that 'increase[s] the prescribed range of penalties to which a criminal defendant is exposed' must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)." Erlinger, 602 U.S. at 834 (alteration in original) (quoting Apprendi, 530 U.S. at 490).

It is not disputed that Erlinger abrogated New Jersey's persistent offender statute to the extent that N.J.S.A. 2C:44-3(a), as presently drafted, provides that certain predicate facts are to be found by a court rather than a jury. The critical issue presented to our Supreme Court in Carlton was whether a violation of the Erlinger rule could be harmless constitutional error. The Court concluded that "errors in failing to submit sentencing factors or elements to a jury, as in Apprendi and its progeny, are presumptively subject to harmless error analysis, not automatic reversal." Carlton, 262 N.J. at 643. The Court further held that before a constitutional error can be considered harmless, the reviewing court must be convinced beyond a reasonable doubt that the error did not affect the outcome. Id. at 642. Stated another way, the record must provide "meaningful

3

A-0839-22

appellate review" and demonstrate that "only one outcome would have been possible at trial." Id. at 645.

The Court thus held that the harmless constitutional error doctrine applies to Erlinger violations provided that "the relevant facts are undisputed, the sentencing court's reasoning fully articulated, and the record demonstrates, beyond any reasonable doubt, the sole conclusion a jury could have reached had Erlinger been in place at the time of sentencing." Id. at 644. Applying that test, the Court found the constitutional error in that case was harmless beyond a reasonable doubt. Id. at 645.

As defendant acknowledges in his supplemental brief—filed at our request following the remand from the Supreme Court—here, as in Carlton, the constitutional error is harmless beyond a reasonable doubt. The parties' supplemental briefs confirm that the underlying facts necessary to establish defendant's eligibility for a persistent offender extended term under N.J.S.A. 2C:44-3(a) are uncontested, and the sentencing court made all required findings to establish eligibility for an extended term.

We therefore conclude that for purposes of the Carlton harmless constitutional error rule, the uncontested information provided to the trial court establishes beyond any reasonable doubt that defendant has prior convictions

4

that make him eligible for an extended term as a persistent offender and that is "the sole conclusion a jury could have reached had <u>Erlinger</u> been in place at the time of sentencing." <u>Carlton</u>, 262 N.J. at 644. We therefore vacate that portion of our prior opinion that remanded the case for the court to address the <u>Erlinger</u> violation.

As both the State and defendant acknowledge in their respective supplemental briefs, a remand is still needed for the limited purpose of having the trial judge provide an explicit statement explaining the overall fairness of defendant's aggregate sentence pursuant to <u>Torres</u>. That portion of our opinion is unaffected by <u>Carlton</u> and remains in force.

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-0839-22